1  SEYFARTH SHAW LLP
   Justin Curley (SBN 233287)
2  jcurley@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, California 94105-2930
   Telephone:  (415) 397-2823
4  Facsimile: (415) 397-8549

5  SEYFARTH SHAW LLP
   Michael A. Sigall (SBN 305849)
6  msigall@seyfarth.com
   2029 Century Park East, Suite 3500
7  Los Angeles, California 90067-3021
   Telephone:  (310) 277-7200
8  Facsimile: (310) 201-5219

9  Attorneys for Defendant
   ROCKWELL COLLINS, INC.
10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13

14

| GEORGE P. SANTOS, on behalf of himself and all others similarly situated, | Case No. _____ |
|---|---|
| Plaintiff, | **DEFENDANT ROCKWELL COLLINS, INC.'S NOTICE OF REMOVAL** |
| v. | [Alameda County Superior Court, Case No. 23CV039609] |
| ROCKWELL COLLINS, INC., a Delaware Corporation, and DOES 1-50, inclusive, | Complaint Filed: July 27, 2023 Trial Date: None set |
| Defendants. | |

97318136v.2

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF, GEORGE P. SANTOS, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Rockwell Collins, Inc. ("Defendant") files this Notice of Removal, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. section 1332(d)(2), and under 28 U.S.C. sections 1332(c), 1332(d)(2), 1441(a), 1446 and 1453. Removal is proper for the reasons set forth below.

## I.    BACKGROUND

1.    On July 27, 2023, Plaintiff George P. Santos ("Plaintiff") filed a class action complaint in the Superior Court of California for the County of Alameda, titled "*GEORGE P. SANTOS, on behalf of himself and all others similarly situated, v. Rockwell Collins, Inc., a corporation; and DOES 1-50, inclusive*," Case No. 23CV039609 ("Complaint").

2.    On August 3, 2023, Defendant's registered agent for service of process in California received, via process server the Summons; Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; and Notice of Complex Determination Hearing. A true and correct copy of the packet received by Defendant is attached hereto as **Exhibit A**.

3.    On August 31, 2023, Defendant filed its Answer to Plaintiff's Complaint in Alameda County Superior Court. A true and correct copy of the Answer filed to Plaintiff's Complaint is attached hereto as **Exhibit B**.

4.    Defendant has not filed or received any other pleadings or papers, other than the pleadings described as Exhibit A and Exhibit B, in this action prior to this Notice of Removal.

## II.    TIMELINESS OF REMOVAL

5.    The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case

2

stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

6.     The service of process which triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

7.     This Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint, by personal service on Defendant's agent for service of process, on August 3, 2023.  Cal. Code Civ. Proc. § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery."); 28 U.S.C. § 1446(b).  Thirty (30) days from the service of the Complaint on Defendant on August 3, 2023 is September 2, 2023.

8.     Plaintiff asserts seven (7) causes of action in his Complaint against Defendant: (1)  Failure to Pay All Overtime Wages; (2) Failure to Pay All Sick Pay Wages; (3) Meal Period Violations; (4) Rest Period Violations; (5) Wage Statement Violations; (6) Waiting Time Penalties; and (7) Unfair Competition.  (Ex. A, Compl., ¶¶ 45-80.)

9.     The Complaint seeks to certify a class of "all non-exempt employees who work or worked for Defendants in California, during the four years immediately preceding the filing of the Complaint through the date of trial"  (Ex. A, Compl., ¶ 37.)

10.     Plaintiff's Seventh Cause of Action is based on an alleged "Unfair Competition," specifically the California Unfair Competition Law ("UCL").  (Ex. A,

Compl., ¶¶ 75-80.) The statute of limitations on Plaintiff's Seventh Cause of Action for UCL is four years. (*See* Cal. Bus. & Prof. Code § 17208.)

11.    Plaintiff alleges that Defendant violated the UCL, §§ 17200 *et seq.*, on the following grounds:

> Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by failing to pay all overtime and sick pay wages at the appropriate legal rate, by failing to provide all legal required meal and rest periods or pay premium payments at the "regular rate of pay" in lieu thereof, by failing to provide accurate itemized wage statement, by failing to reimburse for necessary business expenses, and by failing to pay all earned wages at the time of separation from employment.

(Ex. A, Compl., ¶ 76.) Plaintiff further alleges that "Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes compensation to which they are legal entitled…." (Ex. A, Compl. ¶ 77.)

12.    Accordingly, for purposes of the calculations in this Notice of Removal, the "relevant time period" starting "four years preceding the filing of this Complaint" is from **August 3, 2019 until the present**.

## III.    CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL

13.    This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. Section 1332(d)(2). As set forth below, this action is properly removable, pursuant to 28 U.S.C. Section 1441(a), in that this Court has original jurisdiction over the action, because the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of a defendant. 28 U.S.C. §§ 1332(d)(2) & (d)(6). Furthermore, the number of putative class members is greater than 100. 28 U.S.C. § 1332(d)(5)(B); Declaration of Marc Yahl in Support of Defendant's Notice of Removal ("Yahl Decl."), ¶ 6.

97318136v.2

### A.     Plaintiff And Defendant Are Minimally Diverse

14.     CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant.  28 U.S.C. § 1332(d)(2)(A).  In the instant case, Plaintiff is a citizen of a state (California) that is different from the state of citizenship of Defendant (which is a citizen of Delaware and Iowa).

#### 1.     Plaintiff Is A Citizen Of California

15.     For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must … be domiciled in the state").  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile"); *see also Zavala v. Deutsche Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes").  Citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

16.     Plaintiff alleges that he resides in the State of California.  (Ex. A, Compl., ¶ 9; "Plaintiff…is currently a California resident in the State of California.")  Plaintiff's intent to remain domiciled in California is further evident from the fact that he brought his lawsuit against Defendant in Alameda County Superior Court.  Accordingly, Plaintiff is a citizen of California.

#### 2.     Defendant Is Not A Citizen Of California

17.     Defendant is, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. Section 1332(c)(1).  For

DEFENDANT ROCKWELL COLLINS, INC.'S NOTICE OF REMOVAL

97318136v.2

purposes of diversity jurisdiction, a corporation is deemed a citizen of the state "by which it has been incorporated" and of the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

18.     Defendant is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware.  (Declaration of Jennifer M. Boivin in Support of Defendant's Notice of Removal ("Boivin Decl."), ¶ 5.)  Thus, for purposes of diversity jurisdiction, Defendant is a citizen of Delaware.

19.     Further, Defendant's principal place of business is, and has been at all times since this action commenced, located in the State of Iowa.  (Boivin Decl., ¶ 6.)  Thus, for purposes of diversity jurisdiction, Defendant is also a citizen of Iowa.

20.     The United States Supreme Court held that when determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test.  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010).  Under the "nerve center" test, the "principal place of business" means the corporate headquarters where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis.  *Id.* ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

21.     Under the "nerve center" test, Iowa is the location of Defendant's principal place of business.  Defendant's corporate headquarters are located in Cedar Rapids, Iowa where Defendant's high level officers direct, control, and coordinate Defendant's activities.  (Boivin Decl., ¶ 6.)  Defendant's high level corporate officers maintain offices in Iowa, and many of Defendants' corporate level functions are performed in the Iowa offices.  (*Id.*)  Additionally, many of Defendant's executive and administrative functions, including corporate finance and accounting, are directed from the Cedar Rapids, Iowa headquarters.  (*Id.*)

22.     Therefore, for purposes of diversity of citizenship, Defendant is, and has been at all times since this action commenced, a citizen of the State of Delaware and the

97318136v.2

State of Iowa.  28 U.S.C. § 1332(c)(1).  Because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Iowa minimal diversity exists for purposes of CAFA.

### 3. The Citizenship Of Doe Defendants Should Be Disregarded

23.    Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant").  Indeed, the presence of "DOE" defendants in this case has no bearing on diversity of citizenship for removal.  Thus, the existence of "DOES 1-50" in the Complaint does not deprive this Court of jurisdiction.  *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied in CAFA removal).

### B. Based On Only Three Out Of the Seven Causes Of Action, The Amount In Controversy Exceeds The Statutory Minimum

24.    CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.  The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be

resolved in favor of federal jurisdiction.  *Id.* at 42-43 ("if a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . .  Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

25.   **Preponderance Of The Evidence Standard.**  Plaintiff's Complaint does not allege the amount in controversy for the class he purports to represent.  Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a **preponderance of the evidence** that the amount in controversy exceeds the statutory minimum.  In *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013), the U.S. Supreme Court held that the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard.  *Accord Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

26.   In 2011, Congress amended the federal removal statute to specify that, where the underlying state practice "permits recovery of damages in excess of the amount demanded . . . removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the *preponderance of the evidence*, that the amount in controversy exceeds the amount specified in section 1332(a)."  Pub.L. 112–63, December 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at 28 U.S.C. § 1446(c)(2) (emphasis added)); *accord Abrego*, 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) ("the complaint fails to allege a sufficiently specific total amount in controversy … we

DEFENDANT ROCKWELL COLLINS, INC.'S NOTICE OF REMOVAL
97318136v.2

therefore apply the preponderance of the evidence burden of proof to the removing defendant"). The defendant must show that it is "more likely than not" that the jurisdictional threshold is met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $50,000. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount"); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *2 (E.D. Cal. July 14, 2010) (same).

27.    To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 554 (2014); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("Because some remnants of our former antiremoval presumption seem to persist, we reaffirm three principles that apply in CAFA removal cases. First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but **only plausible allegations** of the jurisdictional elements"; "An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite ... amount'") (emphasis added).

28.    The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

29.    It is well-settled that "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the

damages alleged." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, *3 (E.D. Cal. May 1, 2007) (denying motion for remand of a class action for claims under the California Labor Code for missed meal and rest periods, unpaid wages and overtime, inaccurate wage statements, and waiting-time penalties).

30.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully pled to avoid federal jurisdiction); *Guglielmino*, 506 F.3d at 702 (holding that even if a plaintiff affirmatively pled damages less than the jurisdictional minimum and did not allege a sufficiently specific total amount in controversy, the removing defendant is still only required to show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold).

31.    **The Court Must Assume A 100% Violation Rate Based On Plaintiff's Class-Wide Allegations.**  If a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise:

> As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations.  Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.  She did not.

*Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Wheatley v. MasterBrand Cabinets*, 2019 WL 688209, at *5 (C.D. Cal. Feb. 19, 2019) ("Defendant and the Court must rely on assumptions regarding the rate of the alleged violations … Plaintiff does not allege that some putative class members were subject to distinct policies. The Court therefore finds the assumption that uniform … policies were applied to **all** putative class members reasonable") (emphasis added);

97318136v.2

*Soratorio v. Tesoro Ref. and Mktg. Co., LLC*, 2017 WL 1520416, at \*3 (C.D. Cal. Apr. 26, 2017) ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendant's 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Arreola v. The Finish Line*, 2014 WL 6982571, \*4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation").

32.     Numerous other District Courts have similarly concluded that alleging a policy of noncompliance in a complaint justifies the assumption of a 100 percent violation rate.  *See Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at \*2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice—or other similar language—and where the plaintiff offers no evidence rebutting this violation rate"); *Torrez v. Freedom Mortg., Corp.*, 2017 WL 2713400, at \*3-5 (C.D. Cal. June 22, 2017) (where complaint alleged "FMC engaged in a pattern and practice of wage abuse against its hourly-paid or non-exempt employees within the state of California," the complaint "can reasonably be interpreted to imply nearly 100% violation rates"); *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at \*2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have

97318136v.2

generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice – or other similar language – and where the plaintiff offers no evidence rebutting this violation rate"); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *5 (C.D. Cal. June 26, 2017) ("Plaintiff's allegations contain no qualifying words such as 'often' or 'sometimes' to suggest less than uniform violation that would preclude a 100 percent violation rate."); *Soratorio, LLC*, 2017 WL 1520416, at *3 ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendants' 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d. 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate – especially since Plaintiffs offer no alternative rate to challenge Defendant's calculations."); *Jones v. Tween Brands, Inc.*, 2014 WL 1607636, at *3 (C.D. Cal. Apr. 22, 2014) (using 100 percent violation rate for waiting-time penalties since the complaint did not limit the number or frequency of violations).

33.    The alleged amount in controversy in this class action, in the aggregate, exceeds $5,000,000.  Plaintiff's Complaint seeks to certify, and seeks relief on behalf of, "[a]ll non-exempt employees who work or worked for Defendants in California, during the four years immediately preceding the filing of the Complaint through the date of trial."  (Ex. A, Compl., ¶ 37.)  The statute of limitations on Plaintiff's Seventh Cause of Action for UCL is four years.  (*See* Cal. Bus. & Prof. Code § 17208; Ex. A, Compl., ¶¶ 75-80.)  Given that Plaintiff's Complaint was filed on August 3, 2023, for purposes of the calculations in this Notice of Removal the "relevant time period" is from **August 3, 2019 until the present**.

DEFENDANT ROCKWELL COLLINS, INC.'S NOTICE OF REMOVAL

34.     During the relevant time period identified in the Complaint, Defendant employed approximately 411 individuals who were non-exempt, hourly employees at its properties in California, and who worked a total of approximately 48,624 workweeks. (Yahl Decl., ¶ 6.)  The average hourly rate of pay for these individuals is approximately $27.33 per hour during the proposed class period.  (*Id.* at ¶ 7.)

35.     Plaintiff seeks to recover, on behalf of himself and the alleged class, unpaid wages and penalties for Defendant's alleged failure to pay overtime, failure to provide meal periods, failure to provide rest periods, failure to pay all sick pay wages, failure to provide accurate and complete itemized wage statements, failure to pay all wages due upon separation, and unfair business practices.  (Ex. A, Compl.)  Plaintiff also seeks attorneys' fees and costs.  (Ex. A, Compl., Prayer for Relief.)

36.     As set forth below, the alleged amount in controversy implicated by the class-wide allegations exceeds $5,000,000.  **All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission of the truth of the facts alleged and assuming solely for purposes of this Notice of Removal that liability is established.**

37.     The calculations below show that the alleged amount in controversy exceeds $5,000,000, when considering non-exempt employees at Defendant, such as Plaintiff, and when considering just a few of the causes of action alleged in the Complaint.[1]

### 1.     Meal and Rest Period Claims

38.     Plaintiff seeks payments for alleged denial of or missed or interrupted meal periods and rest periods.  (Ex. A, Compl., ¶¶ 26, 32, 56-62.)  Plaintiff's Complaint alleges that "Plaintiff and other non-exempt employees were denied compliant and timely 30-minute off-duty meal periods as mandated by California law."  (*Id.* ¶ 26.)  Plaintiff's Complaint alleges that "[d]ue to Defendants' uniform meal period policies/practices, operational requirements, and work demands, Plaintiff and other non-exempt employees

---

[1]/ There are four other causes of action that Defendants did not include in its amount in controversy calculation.  If the remaining causes of action were included, the total would have been even greater.

were often unable to take timely and uninterrupted 30-minute first meal periods before the end of the fifth hour of work." (*Id.*)

39.    For these alleged meal period violations, "Defendants are responsible for paying premium compensation for meal periods violations…" (Ex. A, Compl., ¶ 58.)

40.    Plaintiff's Complaint further alleges that "Plaintiff and other non-exempt employees were not provided with all 10-minute rest periods for every four hours worked, or major faction thereof due to Defendants' uniform rest period policies/practices, operational requirements and work demands.  As a result, Plaintiff and other non-exempt employees were and are often unable to take a net 10-minute duty free rest periods for every major fraction of four hours worked" (*Id.* ¶ 29.)

41.    For these alleged rest period violations, "Plaintiff and members of the Class [are entitled to] rest period premiums…" (Ex. A, Compl., ¶ 62.)

42.    California Labor Code Section 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . ."  Section 512 further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."  California Labor Code Section 226.7 requires employers to pay an extra hour's pay to employees who are not provided full or timely meal periods or rest periods.  Case law makes clear that an employee is entitled to an additional hour's wages per day, for both a rest and meal period violation each day.  *Lyon v. W.W. Grainger, Inc.*, 2010 WL 1753194, *4 (N.D. Cal. Apr. 29, 2010) (noting that Labor Code section 226.7 provides recovery for one meal break violation per work day and one rest break violation per work day).

43.    The statute of limitations for recovery for meal or rest period premium pay under California Labor Code section 226.7 pay is three years.  *Murphy v. Kenneth Cole Prods.*, Inc., 40 Cal. 4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute

of limitations.").  However, Plaintiff alleges a claim for meal and rest break premiums pay as part of his unfair competition claim under Business and Professions Code section 17200, *et seq.*  (Ex. A, Compl., ¶ 76.)  Although Defendant contends that meal and rest break premium pay cannot be recovered under Business and Professions Code section 17200 (*Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1401 (2010)), according to the allegations of Plaintiff's Complaint, the four-year statute of limitations applies for purposes of removal.  Cal. Bus. & Prof. Code § 17208.  Thus, for determining the amount in controversy, the four-year statute of limitations applies.

44.    Plaintiff is silent as to the amount of alleged meal periods or rest periods he claims to have been denied, thereby precluding precise estimates of the amount in controversy.  Because Plaintiff alleges that Defendant had a "uniform meal period policies/practices" and "uniform rest period policies/practices" (Ex. A, Compl., ¶¶ 26, 29), the Complaint contemplates a 100% violation rate for the meal period and rest period claims.  Accordingly, a 100% violation rate can properly be assumed for purposes of calculating the amount in controversy of Plaintiff's meal and rest period claims.  *See Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc.*, 482 U.S. at 392 (finding a 100 percent violation rate appropriate when "plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%").

45.    While Defendant is entitled to assume a 100 percent violation rate (*i.e.*, five missed meal periods and five missed rest periods per workweek) based on the allegations in the Complaint, Defendant will conservatively assume that the putative class members were not provided **two meal periods and two rest periods every week**.  Where Plaintiff has alleged a policy and practice of meal and rest period violations, it is reasonable to assume that there at least two meal period and two rest period violations each week for every employee.  Indeed, district courts have consistently upheld even higher assumptions of meal period and rest period violations as plausible for purposes of determining the amount in controversy.  *See, e.g.*, *Wheatley*, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding an estimate of five meal period and three rest break

violations per week reasonable where Plaintiff alleged a "a policy and practice" of meal and rest break violations); *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D. Cal. 2018) ("Defendant conservatively assumed the putative class members were not provided … three of ten rest periods they were entitled to receive each work week, even though assumption of a 100 percent violation rate may have been reasonable based on allegations in the Complaint. The Court therefore we finds Defendant's assumed violation rates reasonable"); *Agredano v. Sw. Water Co.*, 2017 WL 2985395, at *6 (C.D. Cal. May 30, 2017) ("Plaintiff further alleges that Defendants 'routinely' and 'consistently' failed to provide him and the putative class members with the required 30–minute lunch break periods. Plaintiff does not limit the number of violations alleged in his Complaint, nor has he offered any evidence that he or other putative class members missed fewer than five legally required meal breaks per week. Thus, the Court finds that 'Plaintiff's own complaint alleges universal violations of meal ... period laws' such that Defendants' 'use of a 100% violation rate [five missed meal periods] is proper.'"); *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (finding an estimate of five missed rest periods a week reasonable where plaintiff alleged that defendant maintained "policies, practices and procedures that caused the purported violations. . ."); *Lopez v. Aerotek, Inc.*, 2015 WL 2342558, at *2 (C.D. Cal. May 14, 2015) (finding defendant's estimate of five meal period and five rest period violations was reasonable); *Coleman v. Estes Express Lines*, Inc., 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate," i.e., 5 missed meal periods and five missed rest breaks per week). *Accord Arias*, 936 F.3d at 926 (holding that "Marriott's assumptions are plausible" where it assumed "one missed rest break" as the "lowest assumed violation rate").

46.    As stated above, during the relevant time period identified in the Complaint, Defendant employed approximately 411 individuals who were non-exempt, hourly employees in California, who worked a total of approximately 48,624 workweeks. (Yahl

DEFENDANT ROCKWELL COLLINS, INC.'S NOTICE OF REMOVAL
97318136v.2

Decl., ¶ 6.)  The average hourly rate of pay for these individuals is approximately $27.33 per hour during the proposed class period.  (*Id*. ¶ 7.)

47.     Although Defendant denies that Plaintiff (or any putative class member) is entitled to any meal or rest period premium payments, assuming **just two meal period violations and two rest period violations every week** for each putative class member, the amount in controversy would be approximately $5,315,575.68 [(48,624 workweeks * ($27.33 per hour) * (2 total meal and rest period premiums every week)].  Accordingly, the amount in controversy on Plaintiff's meal and rest period claims alone is approximately **$5,315,575.68**.

### 2.     Waiting Time Penalties

48.     Plaintiff's Complaint also alleges that Defendants failed to timely pay wages due, in violation of California Labor Code § 203.  Plaintiff alleges that Defendant "[a]s a result of Defendants' failure to pay all minimum, sick pay and overtime wages, and meal and rest periods at the 'regular rate of pay,' Defendants also failed to pay the non-exempt employees all wages owed at their time of separation from employment in violation of Labor Code §§ 201-203."  (Ex. A, Compl., ¶ 36.)

49.     On these grounds, Plaintiff seeks "waiting time penalties amounting to thirty (30) days wages for Plaintiff and the Classes pursuant to Labor Code § 203."  (Ex. A, Compl., ¶ 74.)  Under California Labor Code § 203, a discharged employee is entitled to penalties of up to 30 days' pay at his or her regular pay.  *See* Cal. Lab. Code § 203(a) ("If an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days").

50.     The statute of limitations period for California Labor Code § 203 penalties extends back only three years from the date of filing of the complaint, or August 3, 2020.  *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1399 (2010) ("if an employer failed to timely pay final wages to an employee who quit or was fired, the employee would have

DEFENDANT ROCKWELL COLLINS, INC.'S NOTICE OF REMOVAL

97318136v.2

had one year to sue for the section 203 penalties but, under Code of Civil Procedure section 338, subdivision (a) (Stats.1935, ch. 581, § 1, p. 1673), three years to sue for the unpaid final wages giving rise to the penalty").

51.    It is also reasonable to assume that each employee waited over 30 days for payment of any allegedly unpaid wages. *See Tajonar v. Echosphere*, LLC, 2015 WL 4064642, at *4-5 (S.D. Cal. July 2, 2015) (finding reasonable the defendant-employer's assumption that each employee was entitled to the maximum thirty-day penalty); *Byrd v. Masonite Corp.*, 2016 WL 2593912, at *3 (C.D. Cal. May 5, 2016) ("[I]t is not unreasonable for [defendant] to assume that each employee would be entitled to the maximum wage penalty – thirty days – for waiting time violations").

52.    During the relevant three-year time period for waiting time penalties, from **August 3, 2020 to the present**, there were a total of approximately 123 individuals who were non-exempt, hourly employees who were terminated from employment with Defendant in California.  (Yahl Decl., ¶ 8.)  The average hourly rate of pay for these individuals is approximately $25.03 per hour during this period.  (*Id*.)

53.    Although Defendant disputes liability, the amount in controversy for waiting time penalties is **$738,885.60** [$25.03/hour * 8 hours/day * 30 days * 123 former hourly employees].

### 3.    Wage Statement Penalties

54.    Plaintiff's Complaint alleges that "Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements" by a "failure to include the total number of hours worked by Plaintiff and the other class members."  (Ex. A, Complaint, ¶ 103.)  Based on this alleged violation, Plaintiff claims that she and other class members are "entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee."  (Ex. A, Complaint, ¶ 106.)

55.    Labor Code § 226(e) provides a minimum of $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per employee.  The statute of limitations for recovery of penalties under Labor Code § 226 is one year.  *Caliber Bodyworks, Inc. v. Sup. Ct.*, 134 Cal. App. 4th 365, 376 (2005); Cal. Civ. Proc. Code § 340(a).  Plaintiff filed his Complaint on August 3, 2023.  Therefore, the statutory period for a claim under California Labor Code § 226 runs from **August 3, 2022 to the present**.

56.    Since January 1, 2022, Defendant pays its non-exempt employees weekly. (Yahl Decl., ¶ 9.)  Accordingly, there are 52 pay periods per year.  (*Id.*)

57.    During the limitations period of August 3, 2022 to the present there are approximately 330 potential class members with 16,235 total weeks worked. (Yahl Decl., ¶ 9.)  When including a $50 penalty for the initial wage statement [$50 x 330 initial pay periods], $100 for each subsequent wage statement [$100 x 15,905] and accounting for 274 employees who hit the $4,000 maximum limit, the amount in controversy on this claim would equal no less than **$1,200,400.00**.

### 4.    **Approximate Aggregate Amount In Controversy**

58.    Although Defendant denies Plaintiff's allegations that he or the putative class are entitled to any relief for the above-mentioned claims, based on the forgoing calculations, the aggregate amount in controversy for the putative class for all asserted claims, exclusive of attorneys' fees, is approximately **$7,254,861.28**, calculated as follows:

| | | |
|---|---|---|
| · | **$5,315,575.68** | Meal/Rest Period Claim (Assuming Just Two Missed Meal Periods And Two Missed Rest Period Every Week) |
| · | **$738,885.60** | Waiting Time Penalties |
| · | **$1,200,400.00** | Wage Statement Penalties |

97318136v.2

59.    The figures above do not take into account Plaintiff's claims for unpaid overtime, failure to keep requisite payroll records, wages not timely paid during employment, or attorneys' fees and costs.

### 5.    Attorneys' Fees

60.    Plaintiff also seeks attorneys' fees.  (Ex. A, Compl., Prayer for Relief.) Requests for attorneys' fees must also be taken into account in ascertaining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy").

61.    A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy.  *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (*citing Brady*, 243 F. Supp. 2d at 1010-11); *Muniz*, 2007 WL 1302504 at *4 (attorneys' fees appropriately included in determining amount in controversy).

62.    In a recent decision, the Ninth Circuit held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."  *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal).  Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all

relief a court may grant on that complaint if the plaintiff is victorious."); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403 (C.D. Cal. May 9, 2018) (holding that "unaccrued post-removal attorneys' fees can be factored into the amount in controversy" for CAFA jurisdiction).

63.    Indeed, the Ninth Circuit again very recently explicitly confirmed that "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy," including in the context of determining CAFA jurisdiction and as a "principle[] that appl[ies] in CAFA removal cases." *Arias*, 936 F. 3d at 922.

64.    In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted. *See, e.g.*, *Wheatley*, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding that an estimate of attorney's fees of 25% reasonable); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("[T]the 25% benchmark provides a non-speculative guidepost for assessing jurisdiction."); *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach"); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at *78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 U.S. Dist. LEXIS 86920 at *16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Secs. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting

attorneys' fees is 25 percent of the common fund).  Even under the conservative benchmark of 25 percent of the total amount in controversy for Plaintiff's claims, attorneys' fees alone would be upward of **$1,813,715.32** in this case [$7,254,861.28 amount in controversy * 0.25].

65.     Although Defendant denies Plaintiff's allegations that he or the putative class are entitled to any relief, based on Plaintiff's allegations and prayer for relief, and a conservative estimate based on those allegations, the total amount in controversy is at least **$9,068,576.60**, including attorneys' fees.  This total amount in controversy far exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction.

66.     Accordingly, because diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1332(d)(2).  This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. section 1441(a).

67.     To the extent that Plaintiff has alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. section 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. section 1367(a).

## VI.    VENUE

68.     Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1391(a), 1441, and 84(c).  This action originally was brought in Alameda County Superior Court of the State of California, which is located within the Northern District of California.  28 U.S.C. § 84(c).  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

69.     A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Alameda Superior Court of the State of California as required under 28 U.S.C. § 1446(d).

97318136v.2

## VII.    NOTICE TO STATE COURT AND TO PLAINTIFF

70.    Defendant will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in the County of Alameda.  The Notice of Removal is concurrently being served on all parties.

## VIII.    PRAYER FOR REMOVAL

71.    WHEREFORE, Defendant prays that this civil action be removed from Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California.

DATED: September 1, 2023                    Respectfully submitted,

                                            SEYFARTH SHAW LLP

                                            By: _____
                                                Justin Curley
                                                Michael A. Sigall

                                                Attorneys for Defendant
                                                ROCKWELL COLLINS, INC.

DEFENDANT ROCKWELL COLLINS, INC.'S NOTICE OF REMOVAL

97318136v.2

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
07/27/2023
Chad Finke, Executive Officer / Clerk of the Court
By:        A. Linhares        Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ROCKWELL COLLINS, INC., a Delaware Corporation; and DOES 1-50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GEORGE P. SANTOS, on behalf of himself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Oakland - Rene C. Davidson Courthouse

1225 Fallon Street, Oakland, California 94612

| CASE NUMBER: |
| *(Número del Caso):* |
| 23CV039609 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mehrdad Bokhour, Esq. (SBN: 285256); 1901 Avenue of the Stars, Suite 450, LA, CA 90067; (310) 975-1493

DATE: 07/27/2023        Clerk, by  Chad Finke, Executive Officer / Clerk of the Court  , Deputy
*(Fecha)*                   *(Secretario)*  A. Linhares                   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Rockwill Collins, Inc
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

1  **BOKHOUR LAW GROUP, P.C.**
   Mehrdad Bokhour, Esq., CA Bar No. 285256
2  *mehrdad@bokhourlaw.com*
   1901 Avenue of the Stars, Suite 450
3  Los Angeles, California 90067
4  Tel: (310) 975-1493; Fax: (310) 675-0861

5  **FALAKASSA LAW, P.C.**
   Joshua S. Falakassa, CA Bar No. 295045
6  *josh@falakassalaw.com*
   1901 Avenue of the Stars, Suite 450
7  Los Angeles, California 90067
8  Tel: (818) 456-6168; Fax: (888) 505-0868

9  Attorneys for Plaintiff and the Putative Classes

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
07/27/2023 at 07:43:25 PM
By: Angela Linhares,
Deputy Clerk

10 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11 **FOR THE COUNTY OF ALAMEDA**

12 | | |
   |---|---|
13 | GEORGE P. SANTOS, on behalf of himself and all others similarly situated, | CASE NO.:  23CV0039609 |
14 | | **CLASS ACTION COMPLAINT:** |
   | Plaintiff, | |
15 | v. | (1)  FAILURE TO PAY ALL OVERTIME WAGES; |
16 | ROCKWELL COLLINS, INC., a Delaware Corporation; and DOES 1-50, inclusive. | |
17 | | (2)  FAILURE TO PAY ALL SICK PAY WAGES; |
18 | Defendants. | |
19 | | (3)  MEAL PERIOD VIOLATIONS; |
20 | | (4)  REST PERIOD VIOLATIONS; |
21 | | (5)  WAGE STATEMENT VIOLATIONS; |
22 | | |
23 | | (6)  WAITING TIME PENALTIES; |
24 | | (7)  UNFAIR COMPETITION |
25 | | **DEMAND FOR JURY TRIAL** |
26
27
28

**CLASS ACTION COMPLAINT**

1    Plaintiff George P. Santos ("Plaintiff") on behalf of himself, and all other similarly situated

2  non-exempt employees, alleges, and complains of Defendant Rockwell Collins, Inc. ("Defendant")

3  and DOES 1 to 50 (collectively, "Defendants") and each of them, as follows:

4    1.    Defendants is a leader in aviation and high-integrity solutions for commercial and

5  military customers around the world. As experts in flight deck avionics, cabin electronics, cabin

6  interiors, information management, mission communications, and simulation and training, the

7  Company offers a comprehensive portfolio of products and services.

8    2.    Plaintiff brings this class action against Defendants for alleged violations of the

9  California Labor Code and Business and Professions Code.

10    3.    As set forth below, Plaintiff alleges that Defendants deprived Plaintiff and other non-

11  exempt employees of all overtime wages and sick pay wages. Moreover, Plaintiff alleges that

12  Defendants' meal and rest period policies and practices failed to provide him and all other similarly

13  situated employees with compliant meal and rest periods or pay premium pay at the "regular rate of

14  pay" in lieu thereof. Plaintiff further alleges that Defendants failed to reimburse for necessary

15  business expenses. Finally, Plaintiff alleges that Defendants failed to provide non-exempt employees

16  with accurate written itemized wage statements and failed to timely pay all final wages upon

17  separation of employment.

18    4.    Based on these alleged Labor Code violations, Plaintiff now brings this class action to

19  recover unpaid wages, restitution, penalties, and other related relief on behalf of himself and all others

20  similarly situated.

21    **JURISDICTION AND VENUE**

22    5.    This class action is brought pursuant to California Code of Civil Procedure § 382.

23    6.    Plaintiff, on behalf of himself and all others similarly situated employees hereby

24  brings this class action for recovery of unpaid wages and penalties under California Labor Code §§

25  200, 201-203, 204, 210, 226(a), 226(e), 226.3, 226.7, 246, 510, 512, 1174, 1174.4, 1194, 1197.1,

26  1199, among other, and applicable Industrial Welfare Commission Wage Orders ("Wage Orders"),

27  in addition to seeking declaratory relief and restitution pursuant to California Business and

28  Professions Code § 17200, *et. seq.*

2

**CLASS ACTION COMPLAINT**

1      7.    This Court has jurisdiction over Defendants' violations of the California Labor Code

2  and applicable Wage Orders because the amount in controversy exceeds this Court's jurisdictional

3  minimum.

4      8.    Venue is proper in this judicial district pursuant to California Code of Civil Procedure

5  §§ 395(a) and 395.5. Defendants own, maintain offices, transact business, have an agent or agents

6  within the County of Alameda and/or otherwise are found within the County of Alameda, and

7  Defendants are within the jurisdiction of this Court for purposes of service of process.

8                                      **PARTIES**

9      9.    At all relevant times herein, Plaintiff, who is over the age of 18, was and currently is

10  a California resident residing in the State of California. Defendants employed Plaintiff and other

11  similarly situated employees as non-exempt employees in California in the County of Alameda.

12      10.    Plaintiff is informed and believes and thereon alleges that Defendant is a California

13  corporation authorized and doing business in Alameda County, California; and is and/or was the legal

14  employer of Plaintiff and the Class Members during the applicable statutory periods.

15      11.    Defendants' policies and/or practices outlined herein have deprived Plaintiff and other

16  similarly situated non-exempt employees of the rights afforded to them by California Labor Code §§

17  201-203, 204, 210, 226, 226(a), 226(e), 226.3, 226.7, 246, 510, 512, 1194, 1197.1, 1199, among

18  others, and California Business and Professions Code § 17200 *et seq.*, and applicable Wage Order(s).

19      12.    Plaintiff is informed and believes, and based thereon alleges, that during the four years

20  preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to

21  do) business in the State of California, County of Alameda. Defendants, each of them, own and/or

22  operate in Livermore, California.

23      13.    Plaintiff does not know the true names or capacities, whether individual, partner, or

24  corporate, of the Defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said

25  Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to

26  amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and

27  believes, and thereon alleges, that each of said fictitious Defendants, whether individual, partners, or

28  corporate, were responsible in some manner for the acts and omissions alleged herein, and

1   proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices
2   alleged herein.

3       14.    Plaintiff is informed, and believes, and thereon allege, that at all times mentioned
4   herein, Defendants were and are the employers of Plaintiff and all members of the Classes. At all
5   times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter
6   alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of
7   them, were the agents, servants, and employees of each and every one of the other Defendants, as
8   well as the agents of all Defendants, and at all times herein mentioned were acting within the course
9   and scope of said agency and employment. Defendants, and each of them, approved of, condoned,
10  and/or otherwise ratified each and every one of the acts or omissions complained of herein.

11      15.    At all times mentioned herein, Defendants, and each of them, were members of and
12  engaged in a joint venture, partnership, and common enterprise, and acting within the course and
13  scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff
14  alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the
15  Classes.

16                          **COMMON FACTUAL ALLEGATIONS**

17      16.    Defendants are a leader in aviation and high-integrity solutions for commercial and
18  military customers around the world. As experts in flight deck avionics, cabin electronics, cabin
19  interiors, information management, mission communications, and simulation and training, the
20  Company offers a comprehensive portfolio of products and services.

21      17.    Plaintiff and other non-exempt employees were employed as non-exempt employees
22  in the Company's services throughout the State of California. Specifically, Plaintiff worked for the
23  Company out of its Livermore, California location as an Assembler Technician. Plaintiff started
24  working in or around January 15. 2018 until his separation of employment on or about May 20, 2022.
25  Plaintiff and other non-exempt employees (including, but not limited to, technician, dispatcher,
26  assembler technicians, radio operator, and all other non-exempt positions) were responsible for all
27  aspects of the Defendants' business operations in Livermore and within the state of California.

28      18.    At all relevant times, Plaintiff and other non-exempt employees regularly worked

1 various shifts, many of which were in excess of 8.0 hours in a workday and 40.0 hours in a workweek.
2 Plaintiff alleges that other non-exempt employees were also subjected to the same policies,
3 procedures, and practices, working conditions, and corresponding wage and hour violations to which
4 she was subjected during his employment.

5      19.    First, at all relevant times, Plaintiff and other non-exempt employees were not
6 properly paid at the correct overtime rate for all hours worked in excess of eight (8) hours per workday
7 and/or forty (40) hours per workweek. Although Plaintiff and other non-exempt employees regularly
8 worked overtime hours, they were also not compensated at one and one-half times their "regular rate
9 of pay" because Defendants failed to include all forms of compensation, including, but not limited
10 to, commissions, non-discretionary bonuses, shift differentials, incentive pay, and other forms of
11 remuneration when calculating the "regular rate of pay" used for payment of overtime wages.

12      20.    Under the California Labor Code (as well as the FLSA), courts have consistently held
13 that regularly paid non-discretionary bonuses (and other forms of pay) must be included in
14 determining an employee's "regular rate of pay" for purposes of calculating overtime. (See *Haber v.*
15 *The Americana Corp.* 378 F. 2d 854, 855-856 (9th Cir. 1967) [holding that regularly paid efficiency
16 bonuses must be included in calculating the "regular rate"]; *Wang v. Chinese Daily News*, Inc. 435 F.
17 Supp. 2d 1042, 1055-1057 (C.D. Cal. 2006) [granting summary judgement to Plaintiff under
18 California and federal law on the grounds, that Defendant improperly calculated overtime by
19 excluding annual bonuses paid to employees from the "regular rate of compensation"].) see *Walling*
20 *v. Youngerman-Reynolds Hardwood Co.* (1945) 65 S.Ct. 1242, 1245. ("The regular rate by its very
21 nature must reflect all payments which the parties have agreed shall be received regularly during the
22 workweek, exclusive of overtime payments. It is not an arbitrary label chosen by the parties; it is an
23 actual fact. Once the parties have decided upon the amount of wages and the mode of payment the
24 determination of the regular rate becomes a matter of mathematical computation, the result of which
25 is unaffected by any designation of a contrary 'regular rate' in the contracts."); see also 29 CFR §§
26 778.110 ("production bonus") and 778.111 ("piece-rate").)

27      21.    By their policy of requiring Plaintiff and the other non-exempt employees to work in
28 excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating

1  them at the lawful rate of one-half (1 1/2) their "regular rate of pay," Defendants willfully violated

2  the provisions of Labor Code § 510 and the applicable Wage Orders.

3      22.    Accordingly, to the extent permitted by law, Plaintiff and other non-exempt employees

4  are entitled to recover unpaid wages and penalties for violations of Labor Code §§ 204, 210, 510,

5  1197.1.

6      23.    Similarly, at all relevant times, Defendants also failed in its obligation to provide

7  Plaintiff and other non-exempt employees the legally required paid sick days at the legal rate pursuant

8  to Labor Code §§ 246(a),(b), which requires that "[a]n employee who, on or after July 1, 2015, works

9  in California for the same employer for 30 or more days within a year from the commencement of

10 employment is entitled to paid sick days. . . at the rate of not less than one hour per every 30 hours

11 worked, beginning at the commencement of employment." Labor Code § 246(l)(1) provides that paid

12 sick time for non-exempt employees must be "calculated in the same manner as the regular rate of

13 pay for the workweek in which the employee uses paid sick time, whether or not the employee

14 actually works overtime in that workweek."

15     24.    Additionally, Labor Code § 246(l)(2) states that the paid sick time must be "calculated

16 by dividing the employee's total wages, not including overtime premium pay, by the employee's total

17 hours worked in the full pay periods of the prior 90 days of employment." Finally, Labor Code §246(i)

18 requires employers to "provide an employee with written notice that sets forth the amount of paid

19 sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either

20 the employee's itemized wage statement described in Section 226 or in a separate writing provided

21 on the designated pay date with the employee's payment of wages."

22     25.    Here, at all relevant times, Defendants failed in its obligation to provide Plaintiff and

23 other non-exempt employees the legally required paid sick days at the legal rate, including all forms

24 of compensation, pursuant to Labor Code §§ 246(a),(b). As such, Defendants paid sick time below

25 his base rate of pay, rather than the "regular rate of pay" as required by Labor Code §§ 246(l)(1-2).

26     26.    Next, at all relevant times, Plaintiff and other non-exempt employees were denied

27 compliant and timely 30-minute off-duty meal periods as mandated by California law. Due to

28 Defendants' uniform meal period policies/practices, operational requirements, and work demands,

1  Plaintiff and other non-exempt employees were often unable to take timely and uninterrupted 30-
2  minute first meal periods before the end of the fifth hour of work.

3       27.    Further, when Plaintiff and other non-exempt employees worked more than 10.0 hours
4  in a shift, they were not always allowed and permitted to take a mandated second meal period before
5  the end of the tenth hour of work in violation of the Labor Code and applicable Wage Orders.

6       28.    Additionally, for each missed or non-compliant meal period, Defendants failed to
7  maintain a mechanism by which non-exempt employees were paid meal period premiums at the
8  "regular rate of pay" pursuant to *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 5th 858 and Labor
9  Code § 226.7. Accordingly, due to Defendants' uniform meal period practices, Plaintiff and other
10  non-exempt employees were also regularly denied legally compliant meal periods in violation of
11  Labor Code 226.7, 510, 516, and applicable IWC Wage Orders.

12       29.    Moreover, at all relevant times, Plaintiff and other non-exempt employees were not
13  provided with all 10-minute rest periods for every four hours worked, or major fraction thereof due
14  to Defendants' uniform rest period policies/practices, operational requirements and work demands.
15  As a result, Plaintiff and other non-exempt employees were and are often unable to take a net 10-
16  minute duty free rest periods for every major fraction of four hours worked. This includes a second
17  rest period for shifts in excess of six hours, and a third rest period for shifts in excess of 10.0 hours
18  in a workday. To the extent non-exempt were permitted allowed and permitted to take rest periods,
19  the rest periods were often cut short or interrupted for work reasons.

20       30.    By not relieving all non-exempt employees of all duties during rest periods,
21  Defendants failed to provide legally compliant rest periods. See *Augustus v. ABM Security Services,*
22  *Inc.* (2016) 2 Cal. 5th 257, 269 [concluding that "during rest periods employers must relieve
23  employees of all duties and relinquish control over how employees spend their time."]. In *Augustus,*
24  the California Supreme Court expressly rejected the employers' assertion that it could provide an on-
25  duty rest period to employees who worked as security guards and further explained "that employers
26  [must] relinquish any control over how employees spend their break time and relieve their employees
27  of all duties." *Id.* at 273.

28

31.     Each time Plaintiff and other non-exempt employees were unable to take a compliant rest period, Defendants failed and continue to fail to adequately pay rest period premium payments at the "regular rate of pay" as required by Labor Code § 226.7.

32.     Accordingly, due to Defendants' uniform rest period policies/practices and work demands, Plaintiff and other non-exempt employees were also regularly denied legally compliant rest breaks in violation of Labor Code §§ 226.7, 512, and applicable Wage Orders.

33.     As a result of Defendants' failure to pay Plaintiff and other non-exempt employees for all minimum wages, overtime wages, sick pay wages at the appropriate legal rate, and Defendants' failure to pay for meal and rest period premiums at the "regular rate of pay," Defendants issued wage statements which failed to accurately identify the gross wages earned, the total hours worked, the net wages earned, and the correct corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226(a)(1, 2, 5, and 9).

34.     Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226."

35.     Thus, for the violations of Labor Code § 226 described above, Plaintiff and other non-exempt employees may also recover Labor Code § 226.3 penalties for Defendants' violations of Labor Code § 226(a).

36.     As a further result of Defendants' failure to pay all minimum, sick pay and overtime wages, and meal and rest period premiums at the "regular rate of pay," Defendants also failed and continues to fail to pay the non-exempt employees all wages owed at their time of separation from employment in violation of Labor Code §§ 201-203.

## CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action on behalf of himself and the following Classes pursuant to § 382 of the Code of Civil Procedure:

All non-exempt employees who work or worked for Defendants in California, during the four years immediately preceding the filing of the Complaint through the date of trial. ("Class");

All non-exempt employees who worked for Defendants in California and who worked overtime hours during at least one shift, during the four years immediately preceding the filing of the Complaint through the date of trial. ("Overtime Subclass");

All non-exempt employees who work or worked for Defendants in California during one year immediately preceding the filing of the Complaint through the date of trial. ("Wage Statement Subclass")

All non-exempt delivery driver employees who work or worked for Defendants in California, and who left their employ during the three years immediately preceding the filing of the Complaint through the date of trial. ("Waiting Time Penalty Subclass")

(collectively "the Classes")

38.     **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the Classes consist of at least one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment and payroll records.

39.     **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

1.     Whether Defendants failed to pay overtime pay at the appropriate legal rate to members of the Classes;

2.     Whether Defendants failed to pay sick pay at the appropriate legal rate to members of the Classes;

3.     Whether Defendants provided legally compliant meal and rest periods or proper compensation at the "regular rate of pay" in lieu thereof to members of the Classes;

4.      Whether Defendants furnished legally compliant wage statements to members of the Classes pursuant to Labor Code § 226(a);

5.      Whether the timing and amount of payment of final wages to members of the Class at the time of separation from employment were unlawful

40.      **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as, Defendants' policy/practice of failing to pay overtime and sick pay at the appropriate premium rate,  Defendants' uniform policy of failing to provide compliant meal and rest periods or adequate compensation in lieu thereof, and Defendants' resulting failure to provide accurate itemized wage statements, and to pay for all wages due upon separation of employment. As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

41.      **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiff, like the members of the Classes, was deprived of all overtime wages and sick pay wages, was deprived of meal and rest period premium wages at the "regular rate of pay," was subject to Defendants' uniform policies/practices, was not provided accurate itemized wage statements, and was not paid all wages owed at the time of her separation of employment.

42.      **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes. Plaintiff's attorneys have prosecuted and are actively litigating several wage-and-hour class actions in state and federal courts and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

43.    **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.

44.    Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified in Paragraph 37 are maintainable as Classes under § 382 of the Code of Civil Procedure.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

## (AGAINST ALL DEFENDANTS)

45.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

11

46.     This cause of action is brought pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

47.     At all times relevant herein, Defendants were required to properly pay Plaintiff and members of the Overtime Subclass for all overtime hours worked pursuant to California Labor Code § 1194 and the applicable Wage Orders.

48.     Section 3 of the applicable Wage Order requires an employer to pay an employee "one and one-half (1 1⁄2) times the employee's regular rate of pay" for work in excess of 8 hours per workday and/or in excess of 40 hours of work in the workweek. The same section also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of twelve hours each workday and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek.

49.     Defendants failed to conform their pay practices to the requirements of the law. This unlawful conduct includes, but is not limited to, Defendants' uniform and unlawful policy/practice of failing to include all forms of compensation in calculating the "regular rate of pay", which resulted in the Classes not being paid all overtime wages owed.

50.     The foregoing policies and practices are unlawful and create entitlement to recovery by Plaintiff and the members of the Overtime Subclass in a civil action for the unpaid amount of overtime wages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 204, 210. 510, 1194, and 1198, the applicable Wage Orders, and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY ALL SICK TIME

## (AGAINST ALL DEFENDANTS)

51.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

52.     This cause of action is brought pursuant to Labor Code §§ 246, 558, 1194.2, 1197.1, 1198, and 1199 which provide that non-exempt employees are entitled to have their sick time paid at

12

CLASS ACTION COMPLAINT

1  the "regular rate of pay", including all forms of compensation/remuneration.

2  53.    At all times relevant herein, Defendants were required to properly pay Plaintiff and
3  members of the Class for all accrued sick leave taken, pursuant to California Labor Code § 246.

4  54.    Defendants failed to conform their pay practices to the requirements of the law. This
5  unlawful conduct includes but is not limited to Defendants' uniform and unlawful policy/practice of
6  failing to include all forms of compensation, including but not limited to shift differentials, non-
7  discretionary bonuses, and other forms of remuneration into the calculation of the "regular rate of
8  pay," which resulted in Plaintiff and the Classes not being paid all sick time wages owed.

9  55.    The foregoing policies and practices are unlawful and create entitlement to recovery
10  by Plaintiff and the members of the Classes in a civil action for the unpaid amount of sick time wages,
11  including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor
12  Code §§ 246, 558, 1194.2, 1197.1, 1198, the applicable Wage Orders, and Code of Civil Procedure
13  § 1021.5.

14  **THIRD CAUSE OF ACTION**

15  **MEAL PERIOD VIOLATIONS**

16  **(AGAINST ALL DEFENDANTS)**

17  56.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

18  57.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in
19  their affirmative obligation to provide all of their hourly non-exempt employees, including Plaintiff
20  and members of the Class, with all required meal periods in accordance with the mandates of the
21  California Labor Code and applicable Wage Orders, for the reasons set forth in the Common
22  Allegations section of this Complaint. Despite Defendants' violations, Defendants have not paid an
23  additional hour of pay at the "regular rate of pay" to Plaintiff and members of the Class at their
24  respective regular rates of pay for each violation, in accordance with California Labor Code § 226.7.

25  58.    As a result, Defendants are responsible for paying premium compensation for meal
26  period violations, including interest thereon, statutory penalties, and costs of suit pursuant to the
27  applicable Wage Orders, Labor Code §§ 226.7, 512, and Civil Code §§ 3287(b) and 3289.

28

**FOURTH CAUSE OF ACTION**

**REST PERIOD VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

59. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

60. Section 12 of the applicable Wage Orders and Labor Code §§ 226.7 and 516 establish the right of non-exempt employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

61. Due to their unlawful rest period policy and practices, Defendants did not authorize and permit Plaintiff and members of the Class to take code-compliant rest periods to which they were legally entitled, including, but not limited to, failing to relieve employees of all duties and relinquishing all control over employees during their rest periods. Despite Defendants' violations, Defendants have not paid an additional hour of pay at the "regular rate of pay" to Plaintiff and members of the Class at their respective regular rates of pay for each violation, in accordance with California Labor Code § 226.7.

62. The foregoing violations create an entitlement to recovery by Plaintiff and members of the Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§ 226.7 and 516, and Civil Code §§ 3287(b) and 3289.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(AGAINST ALL DEFENDANTS)**

63. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

64. Labor Code 226(a) states in pertinent part the following:

"(a) An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all

14

deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

65.     As set forth above, during the Class Period, Defendants issued and continue to issue wage statements to its employees including Plaintiff and members of the Wage Statement Subclass, which are inadequate under Labor Code Section 226(a).

66.     As a result of Defendants' failure to pay Plaintiff and the Wage Statement Subclass for all overtime and sick pay wages at the appropriate legal rate, and missed meal and rest period premiums at the "regular rate of pay," Defendants failed to include required information on Plaintiff and the Classes' wage statements, including, but not limited to, the gross wages earned, the net wages earned in violation of Labor Code section 226(a)(1, 2, 5, 9).

67.     Defendants' failure to comply with section 226(a) of the Labor Code was knowing and intentional.

68.     As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the Wage Statement Subclass in violation of section 226(a) of the California Labor Code, Plaintiff and members of the Wage Statement Subclass are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per every member of the Wage Statement Subclass from Defendants pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### (AGAINST ALL DEFENDANTS)

69.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

70.    The actionable period for this cause of action is three years prior to the filing of this Complaint through the present, and on-going until the violations are corrected, or the class is certified.

71.    Labor Code §§ 201 and 202 require Defendants to pay all compensation due and owing to Plaintiff and the Waiting Time Penalty Subclass during the actionable period for this cause of action at or around the time that their employment is or was terminated or ended.

72.    Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Labor Code sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) workdays.

73.    Defendants willfully failed to pay Plaintiff and the members of the Waiting Time Penalty Subclass for all overtime and sick pay wages, and their meal and rest period premiums at the "regular rate of pay", prior to or upon termination or separation from employment with Defendants as required by Labor Code §§ 201 and 202.

74.    As a result, Defendants are liable to Plaintiff and the Waiting Time Penalty Subclass for waiting time penalties amounting to thirty (30) days wages for Plaintiff and the Classes pursuant to Labor Code § 203. *See,* e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

**SEVENTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(AGAINST ALL DEFENDANTS)**

75.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

76.    Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by failing to pay all overtime and sick pay wages at the appropriate legal rate, by failing to provide all legally required meal and rest periods or pay premium payments at the "regular rate of pay" in lieu thereof, by failing to provide accurate itemized wage statements, by failing to reimburse for necessary business expenses, and by failing to pay all earned wages at the time of separation from employment.

77.    Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally

16

1 | entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over
2 | Defendants' competitors who have been and/or are currently employing workers and attempting to
3 | do so in honest compliance with applicable wage and hour laws.

4 | 78.    Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged
5 | herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of
6 | monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or
7 | converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

8 | 79.    The acts complained of herein occurred within the last four years immediately
9 | preceding the filing of the Complaint in this action.

10 | 80.    Plaintiff was compelled to retain the services of counsel to file this court action to
11 | protect him interests and those of the Classes, to obtain restitution and injunctive relief on behalf of
12 | Defendants' current hourly non-exempt employees and to enforce important rights affecting the
13 | public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which
14 | he is entitled to recover under Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, as follows:

1.    For an order certifying the proposed Classes;

2.    For an order-appointing Plaintiff as representative of the Classes;

3.    For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4.    Upon the First Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 210, 510, 1197, and 1198;

F6.    Upon the Second Cause of Action, payment of all unpaid sick pay wages and penalties according to proof pursuant to Labor Code § 246 *et seq.*, and for reasonable attorneys' fees and costs;

6.    Upon the Third Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7 and 512;

7.    Upon the Fourth Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7 and 516;

8.    Upon the Fifth Cause of Action, penalties pursuant to Labor Code § 226(a), and reasonable costs and attorneys' fees;

9.    Upon the Sixth Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201-203;

11.    Upon the Seventh Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq*;

12.    Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

13.    On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, and Code of Civil Procedure § 1021.5; and

14.    For such other relief that the Court may deem just and proper.

Dated:   July 27, 2023

**FALAKASSA LAW, P.C.
BOKHOUR LAW GROUP, P.C.**

By: _____

Joshua Falakassa, Esq.
Mehrdad Bokhour, Esq.
Attorneys for Plaintiff and the Putative Classes

**CLASS ACTION COMPLAINT**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Mehrdad Bokhour, Esq. (SBN: 285256)/ Joshua Falakassa, Esq. (SBN: 295045)
1901 Avenue of the Stars, Suite 450, LA, CA 90067

TELEPHONE NO.: (310) 975-1493     FAX NO. *(Optional):* (310) 975-0861
E-MAIL ADDRESS: mehrdad@bokhourlaw.com/josh@falakassalaw.com
ATTORNEY FOR *(Name):* Plaintiff George P. Santos

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
07/27/2023 at 07:43:25 PM
By: Angela Linhares,
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Oakland - Rene C. Davidson Courthouse

CASE NAME:
George P. Santos v. Rockwell Collins, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 23CV039609 |
| | | | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 27, 2023

Mehrdad Bokhour, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br><br>07/27/2023<br><br>Chad Finke, Executive Officer /Clerk of the Court<br>By: _____ A. Linhares _____ Deputy |
| PLAINTIFF:<br>George P. Santos | |
| DEFENDANT:<br>Rockwell Collins, Inc. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>23CV039609 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 11/27/2023    Time: 8:30 AM    Dept.: 21 | |
| Location: Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse 1225 Fallon Street, Oakland, CA 94612 | **FILED** Superior Court of California County of Alameda 07/27/2023 Chad Finke, Executive Officer / Clerk of the Court By: A. Linhares (Deputy) |
| PLAINTIFF/PETITIONER: George P. Santos | |
| DEFENDANT/RESPONDENT: Rockwell Collins, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 23CV039609 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Joshua Falakassa
FALAKASSA LAW, P.C.
1901 Avenue of The Stars AVENUE 450
Los Angeles, CA 90067

Mehrdad Bokhour
Bokhour Law Group PC
1901 Avenue of the Stars AVENUE 450
Los Angeles, CA 90067

Chad Finke, Executive Officer / Clerk of the Court

Dated: 08/02/2023

By:

A. Linhares, Deputy Clerk

**CERTIFICATE OF MAILING**

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/27/2023<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ A. Linhares _____ Deputy |
| PLAINTIFF:<br>George P. Santos | |
| DEFENDANT:<br>Rockwell Collins, Inc. | |
| **NOTICE OF COMPLEX DETERMINATION HEARING** | CASE NUMBER:<br>23CV039609 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all parties omitted from this notice or brought into the action after this notice was mailed.

Your Complex Determination Hearing has been scheduled on:

> Date: 08/29/2023      Time: 3:30 PM      Dept.: 21
>
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Determination Hearing.

The judge may place a tentative ruling in your case's on-line register of actions before the hearing. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative rulings at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 11/2022]

**NOTICE OF COMPLEX DETERMINATION HEARING**

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
08/03/2023
CT Log Number 544438674

## Service of Process Transmittal Summary

**TO:**    Wanda Knight, Paralegal
Rockwell Collins, Inc.
2730 W TYVOLA RD
CHARLOTTE, NC 28217-4527

**RE:**    **Process Served in California**

**FOR:**   Rockwell Collins, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: GEORGE P. SANTOS, on behalf of himself and all others similarly situated // To: Rockwell Collins, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Notice(s), Certificate(s) |
| **COURT/AGENCY:** | Alameda County - Superior Court, CA<br>Case # 23CV039609 |
| **NATURE OF ACTION:** | Employee Litigation - Unpaid Wages - Amount $4,000.00 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/03/2023 at 13:01 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Mehrdad Bokhour<br>BOKHOUR LAW GROUP, P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>310-975-1493 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/04/2023, Expected Purge Date: 08/09/2023<br><br>Image SOP<br><br>Email Notification,  Wanda Knight  wanda.knight@collins.com<br><br>Email Notification,  Michael Wade  michael.wade@collins.com<br><br>Email Notification,  Dawn Savarese  dawn.savarese@collins.com<br><br>Email Notification,  Allison Nold  allison.nold@collins.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |



**CT Corporation**
**Service of Process Notification**
08/03/2023
CT Log Number 544438674

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Thu, Aug 3, 2023
**Server Name:**                   DROP SERVICE

| Entity Served | ROCKWELL COLLINS INC |
|---|---|
| Case Number | 23CV039609 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



# EXHIBIT B

1   SEYFARTH SHAW LLP
    Justin Curley (SBN 233287)
2   jcurley@seyfarth.com
    560 Mission Street
3   Suite 3100
    San Francisco, California 94105-2930
4   Telephone:  (415) 397-2823
    Facsimile:   (415) 397-8549
5
    SEYFARTH SHAW LLP
6   Michael A. Sigall (SBN 305849)
    msigall@seyfarth.com
7   2029 Century Park East, Suite 3500
    Los Angeles, California 90067-3021
8   Telephone:  (310) 277-7200
    Facsimile:   (310) 201-5219
9
    Attorneys for Defendant
10  ROCKWELL COLLINS, INC.

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                        COUNTY OF ALAMEDA

14

15  GEORGE P. SANTOS, on behalf of himself and       Case No. 23CV039609
    all others similarly situated,
16                                                    **DEFENDANT ROCKWELL COLLINS,**
                    Plaintiff,                        **INC.'S ANSWER TO PLAINTIFF'S**
17                                                    **UNVERIFIED COMPLAINT**
            v.
18
    ROCKWELL COLLINS, INC., a Delaware
19  Corporation; and DOES 1-50, inclusive,

20                  Defendants.

21

22

23

24

25

26

27

28

Defendant Rockwell Collins, Inc. ("Defendant") hereby answers Plaintiff George P. Santos's ("Plaintiff") unverified Complaint ("Complaint"), as set forth below.

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d) and (e), Defendant denies, generally and specifically, each and every allegation, statement, matter and purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff and those persons he seeks to represent have been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant. Defendant further denies, generally and specifically, that Plaintiff and those persons he seeks to represent have suffered any damage or loss of wages, overtime, penalties, compensation, benefits or restitution, or is entitled to any other legal or equitable relief within the jurisdiction of this Court.

## SEPARATE ADDITIONAL AND AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct additional or affirmative defenses, Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statute of Limitations)

1.    The claims of Plaintiff and any persons whom Plaintiff purports to represent by this action are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, those set forth in California Code of Civil Procedure §§ 312, 337, 338, 338.1, 339, 340, and 343, California Business & Professions Code § 17208, and/or California Labor Code §§ 200, 201-203, 204, 210, 226(a), 226.3, 226.7, 246, 510, 512,1174, 1174.4, 1194, and 1197.1.

## SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Estoppel)

2.    Defendant is informed and believes and thereon alleges that Plaintiff and those persons he purports to represent have engaged in conduct by which they are estopped from asserting the causes of action in the Complaint against Defendant.

///

## THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unclean Hands)

3.     Defendant is informed and believes and thereon alleges that Plaintiff and those persons he purports to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of unclean hands.

## FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Laches)

4.     Defendant is informed and believes and thereon alleges that Plaintiff and those persons he purports to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of laches.

## FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Set Off)

5.     To the extent that Plaintiff and any persons Plaintiff purports to represent by this action are entitled to damages or penalties, Defendant is entitled to an offset for any overpayment of wages, forgiveness of debt, or other consideration previously provided to those parties.

## SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Waiver)

6.     Defendant is informed and believes and thereon alleges that Plaintiff and those persons he purports to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by virtue of the doctrine of waiver.

## SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

7.     Plaintiff's Complaint is barred by the doctrines of res judicata and collateral estoppel to the extent that Plaintiff and/or putative class members have asserted any similar claims to those alleged in the Complaint in a previous adjudication on the merits.

**EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Release)**

8.      Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred by the doctrine of release as to Plaintiff and/or any putative class member who has given a release in exchange for adequate consideration.

**NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

9.      To the extent Plaintiff accepted payments and releases, the underlying claims are barred by the doctrine of accord and satisfaction.

**TENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Prompt Remedial Action)**

10.      Defendant took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if in fact Plaintiff made any such complaints, thereby satisfying all legal duties and obligations Defendant had to Plaintiff, if any at all.

**ELEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Lack of Standing Under Business and Professions Code Section 17200)**

11.      Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff, or any person upon whose behalf Plaintiff purports to act, lacks the requisite standing to sue under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code Section 17204.  Under Proposition 64, any plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL"), California Business and Professions Code Section 17200, et seq., must show that he or she has suffered an injury in fact, in addition to simply alleging a loss of money or property.  Since Plaintiff, or any other person on whose behalf Plaintiff purports to act, cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff lacks standing to sue under the UCL.

## TWELFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statutory Penalties Unconstitutional)

12.     Prosecuting a class action and certification of the alleged class as representative of the general public under California Business and Professions Code Section 17200 is barred, under the facts and circumstances of this case, because provisions of Section 17200 violate the provisions of the United States and California Constitutions, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Excessive Fines)

13.     Plaintiff's claims for statutory penalties are barred because they constitute an excessive fine in violation of the Eighth Amendment of the United States Constitution.

## FOURTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Due Process)

14.     Plaintiff's claims are barred because prosecution of this action by Plaintiff and the putative class members as a class and/or as a representative action would constitute a denial of Defendant's substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California.

## FIFTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Knowing and Intentional Violation of Labor Code)

15.     Any alleged violation of the California Labor Code was not knowing and intentional and therefore Plaintiff's requested recovery is barred.

## SIXTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

16.     Plaintiff is not entitled to any penalty because, at all times relevant and material herein, Defendant did not willfully, or "knowingly and intentionally," fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code or the applicable wage order.

## SEVENTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

17.     Defendant alleges, based on information and belief, that Plaintiff and those persons he purports to represent had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.  By reason of the foregoing, Plaintiff and those persons he purports to represent are barred in whole or in part from recovery of damages from Defendant.

## EIGHTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Show Entitlement To Waiting Time Penalties)

18.     Plaintiff's Complaint, and each and every claim contained therein, is barred to the extent that Plaintiff or those persons he purports to represent have failed to show that Defendant willfully, knowingly or intentionally did not pay all accrued wages, overtime wages or premium wages within the time required following any discharge or voluntary resignation of employment.  Plaintiff, and those persons he purports to represent, therefore cannot pursue claims for "waiting time" penalties under California Labor Code Section 203.

## NINETEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Duplicate Damages)

19.     To the extent Plaintiff or allegedly "aggrieved employees" have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

## TWENTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Exhaust Grievance Procedures)

20.     Plaintiff's Complaint, and each purported claim alleged therein, is barred to the extent that he or those persons he purports to represent have failed to exhaust the grievance and arbitration provisions of an applicable collective bargaining agreement.

## TWENTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lawful Policies)

21.    Plaintiff's claims for alleged violations of the California Labor Code are barred, in whole or in part, because Defendant had lawful policies and at all times paid accrued sick days at the regular rate of pay, provided accurate wage statements and maintained accurate time and payroll records, and paid all wages upon termination to Plaintiff and potential class members, and had policies that complied with the California Labor Code, in accordance with California law.

## TWENTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (*De Minimis* Doctrine)

22.    Plaintiff's claims fail to the extent that even if Plaintiff or any purportedly similarly situated current or former employee was not paid for any work performed while employed by Defendant, which Defendant denies, including whether based on any alleged unlawful rounding practices, such alleged work or unpaid time is de minimis, as articulated under *Troester v. Starbucks Corp.*, 5 Cal. 5th 829 (2018).

## TWENTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Knowledge Of Unpaid Time Or Denial Of Meal Or Rest Periods)

23.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Defendant did not have actual or constructive knowledge about any purported unpaid work allegedly performed by Plaintiff or those persons he purports to represent.  Defendant also did not have actual or constructive knowledge that Plaintiff or those persons he purports to represent were denied any meal or rest periods.  *See, e.g.*, *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F. 2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in [] work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the [] hours are not a violation").

## TWENTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Waiver of Meal Periods)

24.     Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff or those persons he purports to represent signed legally valid written waivers of any meal periods or voluntarily waived meal periods.

## TWENTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Settlement & Release)

25.     Plaintiff's Complaint, and each cause of action contained therein, is partly barred due to a class settlement reached in *Marks v. Universal Propulsion Company, Inc., et al.* and *Bohlig v. Universal Propulsion Company, Inc., et al.*

## TWENTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

26.     Defendant may have additional, as yet unidentified defenses available.  Defendant reserves the right to assert any additional or affirmative defenses that are supported by information or facts obtained through discovery or other means during this case, and it expressly reserves the right to amend this answer to assert such additional or affirmative defenses in the future.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff, on behalf of himself and any persons whom Plaintiff purports to represent by this action, take nothing by the unverified Complaint;

2.     That judgment be entered in favor of Defendant and against Plaintiff and all persons Plaintiff purports to represent by this action on all causes of action;

3.     That Defendant be awarded reasonable attorneys' fees according to proof;

4.     That Defendant be awarded the costs of suit incurred herein; and

5.     That Defendant be awarded such other and further relief as the Court may deem appropriate and proper.

1    DATED: August 31, 2023

2    SEYFARTH SHAW LLP

4    By: _____
        Justin Curley
5       Michael A. Sigall

6       Attorneys for Defendant
        ROCKWELL COLLINS, INC.

8    97312203v.1

Respectfully submitted,

DEFENDANT ROCKWELL COLLINS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT /
CASE NO. 23CV039609

1

## PROOF OF SERVICE

2     STATE OF CALIFORNIA                    )
                                            )   SS
3     COUNTY OF LOS ANGELES                  )

4         I am a resident of the State of California, over the age of eighteen years, and not a party to the
within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California
5     90067-3021.  On August 31, 2023, I served the within document(s):

6     **DEFENDANT ROCKWELL COLLINS, INC.'S ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT**

7

8     ☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
          in the United States mail at Los Angeles, California, addressed as set forth below.

9     ☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth
          below.

10

11    ☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a
          sealed envelope or package provided by an overnight delivery carrier with postage paid on
          account and deposited for collection with the overnight carrier at Los Angeles, California,
12        addressed as set forth below.

13    ☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth
          below.

14

15    | **Attorneys for Plaintiff and the Putative Classes** | |
      | --- | --- |
16    | Mehrdada Bokhour, Esq. | Joshua S. Falakassa |
      | BOKHOUR LAW GROUP, P.C. | FALAKASSA LAW P.C. |
17    | 1901 Avenue of the Stars, Suite 450 | 1901 Avenue of the Stars, Suite 450 |
      | Los Angeles, CA 90067 | Los Angeles, Ca  90067 |
18    | T: (310) 975-1493   F:  (310) 675-0861 | T: (818) 456—6168   F: (888) 505-0868 |
      | Email:  mehrdad@bokhourlaw.com | Email: josh@falakassalaw.com |
19

20

21        I am readily familiar with the firm's practice of collection and processing correspondence for
mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with
22    postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party
served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
23    after date of deposit for mailing in affidavit.

24        I declare under penalty of perjury under the laws of the State of California that the above is true
and correct.

25        Executed on August 31, 2023, at Los Angeles, California.

26

27    _____
                                Lora Calma

28

97322550v.1

